{¶ 17} The constitutional right to appear unshackled was Leonard's. To deny that right, there must have been factors caused by him to warrant the restraint. As the majority states, it is "the [defendant's] actions both inside and outside the courtroom, as well as his demeanor while court is in session," that warrants restraint.[16]
 {¶ 18} Here there was nothing: Leonard had no criminal record, he turned himself in, and he did not "act up" in any manner. The cited factors — a small and crowded courtroom, the nature of the charges, and the possibility of a death sentence — *Page 8 
in addition to being present in any death-penalty trial, were not specific evidence of Leonard's tendency to disrupt the proceedings. And the nature of the charges alone can never justify restraint.[17]
 {¶ 19} The problem in this case is that the original trial judge abdicated his responsibility to control the courtroom by allowing the sheriff to follow a "policy" of always restraining death-eligible defendants. If the law had been consulted then, and a hearing held, it would have been obvious that there was no necessity for the restraint. And we would not be at this juncture. But we are, and the Constitution applies now as it did when this court reversed the case before. We should reverse and grant a new trial.
[16] See State v. Franklin, 97 Ohio St.3d 1, at ¶ 79-80; accordState v. Adams, 103 Ohio St.3d at ¶ 104.
[17] State v. Leonard, 157 Ohio App.3d 653, at ¶ 50; see Florida v.Miller (Fla.App. 2003), 852 So.2d 904, 906. *Page 1